# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ELSIE GELABERT MOLINA,

    **Plaintiff,**

        v.

JOSE A. FLORES, *et al.*,

    **Defendants.**

CIVIL NO. 17-2139 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Plaintiff Elsie Gelabert Molina ("Ms. Molina") brings forth a tort action for negligence against co-Defendant José A. Flores Lozada ("Mr. Flores"), co-Defendant Sor A. Rodriguez Ramos ("Ms. Rodriguez") and co-Defendant Cooperativa de Seguros Múnicipales ("CSM") (collectively as "Defendants") alleging that Mr. Flores caused a car accident involving Ms. Molina in violation of P.R. Laws Ann. tit. 31, § 5298.[1] Docket Nos. 1, 4. CSM responded and filed a counterclaim alleging that Ms. Molina is liable to CSM for the sum disbursed in relation to the car accident. Docket No. 9. Pending before the Court is Ms. Molina's Motion to Dismiss CSM's counterclaim, Docket No. 10, and CSM's Opposition, Docket No. 12.

For the reasons stated below, Ms. Molina's Motion to Dismiss CSM's counterclaim is **DENIED**.

---

[1] The Court notes that Ms. Molina also brought suit against: Jane Doe, Richard Doe, Insurance Company ABC, Company XYZ, John Foe and Jane Roe. Docket No. 4.

## BACKGROUND[2]

On September 4, 2016, Ms. Molina and Mr. Flores were involved in a car accident. Docket No. 9 at 11. According to CSM, Ms. Molina invaded Mr. Flores' lane and impacted the front left side of the vehicle he was driving. *Id.* After impacting the vehicle Mr. Flores was driving, Ms. Molina's vehicle made a 180 degree turn and impacted another vehicle. *Id.* The vehicle Mr. Flores was driving belonged to Ms. Rodriguez. *Id.* Ms. Rodriguez filed a claim with CSM, her insurance, for the damage done to her car. *Id.* As a result of the claim under the policy, CSM had to pay Ms. Rodriguez approximately $25,000 for the damages sustained to her vehicle. *Id.* at 12.

On August 28, 2017, Ms. Molina filed a Complaint against Defendants alleging the collision resulted from Mr. Flores' negligence.[3] Docket Nos. 1, 4. Ms. Molina states she was driving her car when Mr. Flores, driving on the opposite direction, invaded her lane and collided with the front-left side of her vehicle. Docket No. 4 at 2-3. According to Ms. Molina she had to get medical treatment and suffered damages in excess of $250,000. *Id.* at 4-5. On December 26, 2017, CSM answered the Complaint and counterclaimed alleging it was Ms. Molina who crossed the lane and collided with Mr. Flores's vehicle. Docket No. 9 at 4.

On January 18, 2018, Ms. Molina moved to dismiss CSM's counterclaim alleging the counterclaim is barred by the statute of limitations. Docket No. 10 at 3. CSM opposed the motion on January 26, 2018. Docket No. 12.

---

[2] The Court borrows these facts from CSM's counterclaim, Docket No. 9, and accepts as true all non-conclusory allegations therein. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "a court must accept as true all of the allegations contained in a complaint [except as] to legal conclusions.").

[3] On August 29, 2017, Ms. Molina filed a First Amended Complaint. Docket No. 4.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). According to *Twombly*, the complaint must state enough facts to "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570. Therefore, to preclude dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555.

At the motion to dismiss stage, courts accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012). Thus, the plaintiff bears the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). The First Circuit has cautioned against confounding the plausibility standard with the likelihood of success on the merits, explaining that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556). Even taking plaintiff's well-pleaded allegations as true, however, courts need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Likewise, unadorned factual statements as to the elements of the cause of action are insufficient. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

ANALYSIS

Ms. Molina argues that CSM's counterclaim should be dismissed because it is time-barred. Docket No. 10 at 3. The Court disagrees.

In diversity cases, federal courts apply the law of the jurisdiction they are sitting in. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 118 (1945); *Alejandro-Ortiz v. P.R. Elec. Power Auth.*, 756 F.3d 23, 26-27 (1st Cir. 2014) (citations omitted). In Puerto Rico, tort actions carry a one-year limitations period from "the time the aggrieved person had knowledge thereof." P.R. Laws ann. tit. 31, § 5298. A plaintiff will be deemed to have knowledge once he or she has notice of the injury and notice of the individual(s) who caused the injury. *Alejandro-Ortiz*, 756 F.3d at 27 (citing *Colón Prieto v. Geigel*, 15 P.R. Offic. Trans. 313, 330-31 (1984)). The one-year limitation period can be interrupted (1) by the institution of an action before the courts, (2) "by extrajudicial claim of the creditor, and [(3)] by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303; *Rodríguez-García v. Municipality of Caguas*, 354 F.3d 91, 97 (1st Cir. 2004). "[O]nce the period of limitations is interrupted through any of the ways available under Puerto Rico law and the tolling ends, the statute of limitations begins to run anew." *Bryan v. Wal-Mart P.R., Inc.*, 951 F. Supp. 2d 236, 240 (D.P.R. 2013) (citations omitted); *Santiago v. American Airlines, Inc.*, 840 F. Supp. 2d 500, 503 (1st Cir. 2012) (stating that "once the statute of limitation has been tolled it will begin to run anew.").

This Court has previously found that the filing of a suit tolls the statute of limitations for compulsory claims, but not permissive claims. *Bonilla v. Trebol Motors Corp.*, 913 F. Supp. 655, 660 (D.P.R. 1995) (citations omitted); *see Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 552 (1st Cir. 2005) (noting that under Puerto Rico law the institution of an action in court interrupts the limitation period). A counterclaim is compulsory if the claim "arises out of the transaction or

occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). When determining whether a counterclaim arises out of the same transaction, courts look at "whether the claims arose from a common nucleus of operative fact." *Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 88 (1st Cir. 2010) (internal quotations marks and citations omitted); *see Iglesias v. Mutual Life Ins. Co. of N.Y.*, 156 F.3d 237, 242 (1st Cir. 1998) (stating that a claim arose out of the same transaction because "the same factual and legal issues are involved." (citations omitted)).

Here, CSM's counterclaim is compulsory. Ms. Molina's claim arises out of a car crash that happened on September 4, 2016. Docket No. 4 at 3-4. As a result of the crash and alleged negligence by Mr. Flores, Ms. Molina states she suffered severe injuries and accrued damages in excess of $250,000. *Id.* at 4-5. Likewise, CSM's counterclaim arises out of the same car crash on September 4, 2016. Docket No. 9 at 10-12. CSM alleges that as a result of Ms. Molina's negligence, CSM paid (under its policy) a sum of approximately $25,000 to Ms. Rodriguez, the owner of the car, for the damages sustained to her vehicle. *Id.* at 12. CSM, as the vehicle's insurer, seeks to recover the claim paid to Ms. Rodriguez in relation to the accident that happened between Ms. Molina and Mr. Flores. *Id.* Since the issues of fact and law raised by the Complaint and counterclaim arise from the same transaction, CSM's counterclaim is compulsory. Thus, the tolling rule applicable to compulsory counterclaims applies to CSM's counterclaim.

As CSM's counterclaim is compulsory, it was timely filed. Pursuant to Puerto Rico law, the statute of limitation for a compulsory counterclaim based on a tort action is one-year after the initial complaint is filed. *Bryan*, 951 F. Supp. 2d at 240. Here, because Ms. Molina filed the Complaint on August 28, 2017, Docket No. 1, CSM had until August 28, 2018, to file its counterclaim. CSM filed its counterclaim on December 26, 2017. Docket No. 9. Thus, the Court finds that CSM's counterclaim is timely.

A decision to the contrary would create an incentive for gamesmanship between litigants. For example, if the statute of limitations was not tolled for compulsory claims, litigants would be enticed to wait until the end of the limitation period to file, knowing that any counterclaim that the opposing party could have would be barred. *See Otero-Torres v. Collazo-Rivera*, 2010 WL 3087481 at *2 (D.P.R. 2010) (citing *Febo Ortega v. Tribunal Supremo*, 2 P.R. Offic. Trans. 506 (1974) (noting that "[s]hould the filing of a complaint not toll the period for both parties, plaintiffs could take advantage of this situation by waiting until the end of the limitations period to file.").

Accordingly, CSM's counterclaim was timely filed.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Ms. Molina's Motion to Dismiss CSM's counterclaim.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, July 20, 2018.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge